**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY (CAMDEN VICINAGE)**

DEBORAH BLISSICK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BETTER RISE CAPITAL LLC, BETTER COMPANIES LLC, and MATT NIA,

Defendants.

Civil Action No. 1:26-cv-02258-KMW-EAP

(Submitted on the Papers — L. Civ. R. 78.1)

**DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(6)**

**SQUITIERI & FEARON LLP**
Olimpio L. Squitieri, Esq.
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
(P) 201-200-0900
(F) 201-200-9008
lee@sfclasslaw.com

Local Counsel for Defendants

**ISKANDER LAW, APC**
Mario Iskander, Esq. (pro hac vice motion pending)
1111 N. Brand Blvd., Suite 308
Glendale, California 91202
(P) (240) 439-1970
mario@iskanderlaw.com

Lead Counsel for Defendants

# TABLE OF CONTENTS


Page

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

I. PLAINTIFF HAS NOT CARRIED HER BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER BETTER COMPANIES OR MR. NIA ..... 2

A. Jurisdiction Must Be Established as to Each Defendant, the FAC's Collective "Defendants" Allegations Cannot Carry That Burden ..... 2

B. The "Joint Enterprise" Label Cannot Impute Better Rise Capital's Alleged Contacts to Its Parent ..... 3

C. The FAC Pleads No Forum-Directed Conduct By Mr. Nia, and the Opposition Never Engages the Governing Effects Test ..... 4

II. JURISDICTIONAL DISCOVERY SHOULD BE DENIED ..... 5

III. THE OPPOSITION DOES NOT SALVAGE THE FAC'S MERITS DEFICIENCIES UNDER RULE 12(b)(6) ..... 6

A. The Claims Against Better Companies Fail Because the Alter-Ego Argument Stands Unrebutted ..... 6

B. The Claims Against Mr. Nia Fail Under The Opposition's Own Standard ..... 7

C. The Attribution and Agency Allegations Remain Deficient, and Rule 8(d) Does Not Excuse Them ..... 8

IV. PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF ..... 9

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

Page

**Cases**

*Bradshaw v. CHW Grp., Inc.*,
763 F. Supp. 3d 641 (D.N.J. 2025) .......... 9

*Bristol-Myers Squibb Co. v. Superior Court*,
582 U.S. 255 (2017) .......... 2

*Calder v. Jones*,
465 U.S. 783 (1984) .......... 1, 4

*Chen v. Wang*,
No. 22-4708, 2024 WL 4771305 (D.N.J. Nov. 12, 2024) .......... 4

*Chiropractic Associates, Inc. v. McKesson Corp.*,
606 U.S. 146 (2025) .......... 1

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) .......... 9

*City Select Auto Sales Inc. v. David Randall Assocs., Inc.*,
885 F.3d 154 (3d Cir. 2018) .......... 7

*Craig v. Lake Asbestos of Quebec, Ltd.*,
843 F.2d 140 (3d Cir. 1988) .......... 1, 3, 6

*Diebler v. SanMedica International, LLC*,
No. 19-20155, 2021 WL 5013617 (D.N.J. Oct. 28, 2021) .......... 4

*Dobkin v. Enterprise Financial Group, Inc.*,
No. 2:14-cv-01989, 2014 WL 4354070 (D.N.J. Sept. 3, 2014) .......... 8

*Doyle v. Matrix Warranty Solutions, Inc.*,
679 F. Supp. 3d 42 (D.N.J. 2023) .......... 7, 8, 9

*Ford v. US Health Group, Inc.*,
No. 3:19-cv-01091, 2020 U.S. Dist. LEXIS 63040 (M.D. Pa. Apr. 10, 2020) ........................ 1, 3

*Havassy v. Keller Williams Realty, Inc.*,
No. 21-4608, 2024 WL 1640984 (E.D. Pa. Apr. 16, 2024) ............................................... 1, 4, 5

*IMO Industries, Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998)................................................................................................ 1, 4

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) ................................................................................................................ 2

*Kehm Oil Co. v. Texaco, Inc.*,
537 F.3d 290 (3d Cir. 2008)...................................................................................................... 3

*Landy v. Natural Power Sources, LLC*,
No. 3:21-cv-00425, 2021 WL 3634162, at *4 (D.N.J. Aug. 17, 2021) ...................................... 9

*LaSala v. Marfin Popular Bank Pub. Co.*,
410 F. App'x 474 (3d Cir. 2011)............................................................................................... 5

*McNair v. Synapse Grp. Inc.*,
672 F.3d 213 (3d Cir. 2012)...................................................................................................... 9

*Mills v. Ethicon, Inc.*,
406 F. Supp. 3d 363 (D.N.J. 2019) ..................................................................................... 2, 4

*Murphy v. Eisai, Inc.*,
503 F. Supp. 3d 207 (D.N.J. 2020) ............................................................................................ 5

*Najjar v. Salameh*,
832 F. Supp. 3d 426 (D.N.J. 2026) ............................................................................................ 5

*Owen-Brooks v. Better Homes & Gardens Real Estate, LLC*,
No. 25-15801, 2026 WL 2455150 (D.N.J. Aug. 21, 2026)......................................................... 6

*Perrong v. Bradford*,
157 F.4th 251 (3d Cir. 2025)................................................................................................ 1, 9

*Reading v. N. Hanover Twp.*,
124 F.4th 189 (3d Cir. 2024)....................................................................................... 9

*Rickman v. BMW of N. Am. LLC*,
538 F. Supp. 3d 429 (D.N.J. 2021) ............................................................................. 3

*Rush v. Savchuk*,
444 U.S. 320 (1980) ..................................................................................................... 2

*Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*,
542 F. Supp. 3d 268 (D.N.J. 2021) ............................................................................. 3

*Schumacher v. Betta*,
No. 22-6167 (MAS) (TJB), 2025 WL 3063707 191396
(D.N.J. Sep. 30, 2021) (D.N.J. Nov. 3, 2025)................................................................... 5, 7, 8

*Seltzer v. I.C. Optics, Ltd.*,
339 F. Supp. 2d 601 (D.N.J. 2004) ............................................................................. 3

*Shuker v. Smith & Nephew, PLC*,
885 F.3d 760 (3d Cir. 2018)......................................................................................... 3

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
735 F.2d 61 (3d Cir. 1984)........................................................................................... 2

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003)......................................................................................... 5

*Walden v. Fiore*,
571 U.S. 277 (2014) ..................................................................................................... 2

## PRELIMINARY STATEMENT

Plaintiff's Opposition (ECF No. 27, "Opp.") confirms that the First Amended Complaint ("FAC") should be dismissed. Three of the grounds on which Defendants moved are simply never answered. *First*, the Opposition nowhere addresses the New Jersey alter-ego standard — domination *plus* abuse of the corporate form, *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149–50 (3d Cir. 1988) — which is the only vehicle by which the alleged parent, Better Companies LLC, could be held liable for calls it is not alleged to have placed. *Second*, the Opposition never engages the *Calder*/*IMO Industries* effects-test analysis governing personal jurisdiction over Mr. Nia. *Third*, the Opposition offers no response to Defendants' showing that, after *Perrong v. Bradford*, 157 F.4th 251 (3d Cir. 2025), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), the FCC's vicarious-liability framework commands only *Skidmore* weight. Each unanswered argument may be treated as conceded.[1]

What the Opposition does argue rests almost entirely on cases whose records bear no resemblance to this one: a complaint that pleaded a wholly-owned "marketing arm" of 3,500 telemarketing agents (*Ford*); a franchisor whose name and brand appeared in the offending calls and whose contractual controls were established through jurisdictional discovery (*Havassy*); and sellers who were identified during the calls themselves (*Atkinson*, *Jubb*). The FAC pleads nothing comparable as to Better Companies or Mr. Nia: no call either is alleged to have placed, no New Jersey conduct of their own, no brand or name of theirs in any voicemail, and no facts — as opposed to labels — connecting either to the calls at issue. The Motion should be granted.

---

[1]Defendants' moving brief appears at ECF No. 21; the Notice of Motion and proposed Order appear at ECF Nos. 20 and 20-1. Plaintiff's Opposition heading "C" refers to jurisdiction over "Better Rise and/or Nia," but Defendants do not contest jurisdiction over Better Rise Capital LLC, and Defendants accordingly read that heading, like the Opposition itself, to concern Better Companies LLC and Mr. Nia.

## ARGUMENT

### I. PLAINTIFF HAS NOT CARRIED HER BURDEN OF ESTABLISHING PERSONAL JURISDICTION OVER BETTER COMPANIES OR MR. NIA.

#### A. Jurisdiction Must Be Established as to Each Defendant; the FAC's Collective "Defendants" Allegations Cannot Carry That Burden.

The Opposition's jurisdictional theory begins and ends with the assertion that "Defendants" — collectively — acquired Plaintiff's data and placed calls to New Jersey. (Opp. at 4, citing FAC ¶¶ 12–18.) But the cited paragraphs are group-pleaded: they attribute every act to undifferentiated "Defendants" and do not allege that Better Companies or Mr. Nia — as opposed to Better Rise Capital — did anything at all. Due process demands individual analysis: "Each defendant's contacts with the forum State must be assessed individually." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984); *Rush v. Savchuk*, 444 U.S. 320, 331–32 (1980); *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 265 (2017) ("a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"). Plaintiff's own authority is in accord: *Walden v. Fiore* requires that the analysis look "to the defendant's contacts with the forum State itself," not to the contacts of co-defendants or of the plaintiff. 571 U.S. 277, 285 (2014).

Nor does *Metcalfe*'s accept-as-true standard rescue the FAC. Courts accept *facts* as true; they do not accept labels. Once a Rule 12(b)(2) defense is raised, the plaintiff must establish jurisdictional facts "with reasonable particularity" as to each defendant, *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 & n.9 (3d Cir. 1984), and conclusory assertions — "alter ego," "joint enterprise," "worked in concert" — are precisely what this District disregards. *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386–87 (D.N.J. 2019).

**B. The "Joint Enterprise" Label Cannot Impute Better Rise Capital's Alleged Contacts to Its Parent.**

A subsidiary's forum contacts may be attributed to its parent only where the subsidiary is the parent's agent or the parent otherwise controls it. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018); *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300–01 (3d Cir. 2008) (no jurisdiction over parent absent control; subsidiary employee's acts not attributed to parent); *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609–10 (D.N.J. 2004); *Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*, 542 F. Supp. 3d 268 (D.N.J. 2021). The FAC alleges common ownership, overlapping personnel, and shared branding (FAC ¶¶ 23, 28) — allegations that do not approach domination and abuse of the corporate form even when supported by evidence, let alone when pleaded on information and belief. *Craig*, 843 F.2d at 150–52 (100% ownership plus day-to-day involvement insufficient). And to the extent the "joint enterprise" theory is a concert-of-action or conspiracy theory of jurisdiction, this District has held that such a theory is not consistent with federal due process, which requires an individual analysis of each defendant's own purposeful availment. *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429 (D.N.J. 2021).

Plaintiff's two lead cases only underscore what is missing here. In *Ford v. US Health Group, Inc.*, No. 3:19-cv-01091, 2020 U.S. Dist. LEXIS 63040 (M.D. Pa. Apr. 10, 2020), the complaint alleged that the subsidiary was the parent's "wholly owned subsidiary and 'marketing arm'" of approximately 3,500 telemarketing agents, used by the parent to sell insurance underwritten by the parent's other named subsidiaries — defendant-specific facts describing who called, for whose product, and at whose direction. The FAC contains nothing of the kind: it does not allege that Better Rise Capital marketed any Better Companies product, that Better Companies directed any call, or that any call benefited the parent rather than the operating lender whose services were advertised.

*Havassy v. Keller Williams Realty, Inc.*, No. 21-4608, 2024 WL 1640984 (E.D. Pa. Apr. 16, 2024), is farther afield still. As the Opposition itself concedes (Opp. at 6 n.3), the jurisdictional holding there rested on a record developed through *jurisdictional discovery* — the particulars of the franchise contract, the franchisor's control over all marketing conducted under its name, and callers who identified themselves as "Keller Williams" on the calls. Here, by contrast, no call or voicemail is alleged to have mentioned Better Companies or Mr. Nia at all; the sole identification in the record is a call-center agent's reference to "Better Rise Capital" on a call-back. (FAC ¶¶ 47–53.) *Havassy* illustrates what a plaintiff must eventually show — not that conclusory labels suffice at the threshold.

*Diebler v. SanMedica International, LLC*, No. 19-20155, 2021 WL 5013617 (D.N.J. Oct. 28, 2021), was not a TCPA case, and the complaint there pleaded concrete facts of a marketing joint venture between the two defendants with respect to the specific product at issue. *Escano v. RCI, LLC* is an out-of-circuit magistrate's recommendation from New Mexico. Neither displaces this District's consistent rule that corporate affiliation, overlapping officers, and "acting in concert" labels do not establish a prima facie case of jurisdiction over a parent. *Chen v. Wang*, No. 22-4708, 2024 WL 4771305 (D.N.J. Nov. 12, 2024); *Mills*, 406 F. Supp. 3d at 395–97.

### C. The FAC Pleads No Forum-Directed Conduct by Mr. Nia, and the Opposition Never Engages the Governing Effects Test.

Defendants' moving brief demonstrated that jurisdiction over Mr. Nia is governed by the effects test of *Calder v. Jones*, 465 U.S. 783 (1984), as adopted in *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998), and that the FAC alleges no act by Mr. Nia — not one call, communication, or decision — expressly aimed at New Jersey. (ECF No. 21 at 10–12.) The Opposition does not mention *Calder*, *IMO*, or express aiming. Instead, it reasons that because the calls stopped after Plaintiff's husband complained to authorities about Mr. Nia, Mr. Nia must have

"personally controlled" the calls. (Opp. at 6, 10.) That inference conflates knowledge and corporate authority with forum-directed personal conduct. This District rejected the same move in *Schumacher v. Betta*: an officer's knowledge of allegedly unlawful activity reaching the forum is "wholly separate" from whether the officer purposefully directed his own activities there, and co-ownership of an entity operating in the forum does not subject the owner to jurisdiction. No. 22-6167, 2024 WL 3092169, at *4 (D.N.J. June 21, 2024). A remedial response to a law-enforcement complaint — stopping calls — is the opposite of purposefully directing tortious conduct at New Jersey.

## II. JURISDICTIONAL DISCOVERY SHOULD BE DENIED.

Jurisdictional discovery requires "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Plaintiff's request (Opp. at 7–8) rests on the same conclusory labels the FAC offers for jurisdiction itself, and identifies no specific fact she expects discovery to reveal — only "the relationship between the Defendants" generally. That is the definition of a fishing expedition. *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011); *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207 (D.N.J. 2020) (denying discovery where plaintiff did not proffer what jurisdictional facts discovery might recover); *Najjar v. Salameh*, 832 F. Supp. 3d 426 (D.N.J. 2026) (denying jurisdictional discovery on conclusory allegations), appeal filed (3d Cir. June 2, 2026). Plaintiff's reliance on *Metcalfe* is misplaced: there the plaintiffs had already made a prima facie showing. 566 F.3d 324, 336 (3d Cir. 2009). And Plaintiff's own acknowledgment that the *Havassy* plaintiff could plead jurisdictional particulars only after discovery (Opp. at 6 n.3) is not a reason to grant discovery here

— *Toys "R" Us* requires the particularity first, precisely so that discovery does not become an entitlement flowing from bare labels.

**III. THE OPPOSITION DOES NOT SALVAGE THE FAC'S MERITS DEFICIENCIES UNDER RULE 12(b)(6).**

**A. The Claims Against Better Companies Fail Because the Alter-Ego Argument Stands Unrebutted.**

Defendants' moving brief established that the only route to holding Better Companies liable for calls it did not place is veil-piercing under *Craig*/*Ventron* — domination plus abuse of the corporate form — and that the FAC pleads neither, while N.J.S.A. § 42:2C-30 forecloses liability premised on disregarded formalities. (ECF No. 21 at 12–14.) The Opposition never mentions *Craig*, *Ventron*, veil-piercing, or any of the conduit factors. An argument a party fails to oppose is abandoned, and dismissal of Better Companies is warranted on that basis alone.

The authorities the Opposition does invoke address a different question — whether *some* defendant is adequately linked to calls — and on materially different records. *Owen-Brooks*[2] involved a Rule 12(b)(6) motion only; personal jurisdiction was never challenged. The franchisor's brand appeared in the text messages themselves ("Marissa from Better Homes and Gardens Real Estate NAGR"), and the complaint pleaded that the franchisor trained its agents in the very marketing practices at issue — allegations from which authorization could be inferred. 2026 WL 2455150, at *5–6. Even then, the court expressly declined to reach veil-piercing. *Id.* at *6 n.4. Nothing in *Owen-Brooks* holds that a naked "joint enterprise" label states a claim against a parent whose name appears in no call, script, or voicemail.

---

[2]The full caption is *Owen-Brooks v. Better Homes & Gardens Real Estate, LLC*, No. 25-15801, 2026 WL 2455150 (D.N.J. Aug. 21, 2026). The Opposition cites the decision as "Owen-Brooks v. Homes."

The Opposition's parenthetical describing *Doyle v. Matrix Warranty Solutions, Inc.*, 679 F. Supp. 3d 42, 48 (D.N.J. 2023), as sustaining "direct, vicarious and joint enterprise liability theories" (Opp. at 12) overstates the decision. At the cited page, the court addressed *direct* liability, and it did so because the complaint alleged the two entities operated as a single entity under a shared d/b/a — the same decision elsewhere *dismissed* the vicarious-liability theory for failure to allege any contract, communications, or control. *Id.* at 46–47. *Doyle* thus supports Defendants, not Plaintiff.

**B. The Claims Against Mr. Nia Fail Under the Opposition's Own Standard.**

The Opposition concedes that the Third Circuit has not recognized personal-participation liability under the TCPA, and answers only that no court in this Circuit has "held" the theory non-viable. (Opp. at 9.) That is not a reason to be the first court to impose individual liability the statute's text does not provide. *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 160–61 (3d Cir. 2018) (discussing *Central Bank* and the significance of statutory silence).

Even under the standard the Opposition itself advances — "direct, personal participation in or personally authorize[d]" conduct, not mere tangential involvement (Opp. at 9–10, quoting *Bank v. Simple Health Plans LLC* and *Physicians Healthsource*) — the FAC fails. Its allegations are that Mr. Nia co-founded and co-owns the companies (FAC ¶¶ 24, 29), that on "information and belief" he "personally manages and directs the marketing activities" (FAC ¶ 25), that he "oversaw and managed the telemarketing operations" (FAC ¶ 32), and that after complaints to authorities he "finally saw to it that the calls . . . stop" (FAC ¶ 36). The Opposition insists the FAC does not rest on titles and oversight (Opp. at 10) — but oversight is exactly what FAC ¶¶ 25 and 32 allege, in words materially identical to those dismissed in *Schumacher* (officer "oversees and

manages the details of the firm's telemarketing operations"),[3] *Brodsky*, *Rucker*, and *Zelma*. (ECF No. 21 at 15–16.) *Schumacher*'s holding was reaffirmed on reconsideration. 2026 WL 2020952 (D.N.J. July 13, 2026).

That leaves the cessation inference: because the calls stopped after Mr. Nia was reported, he "personally controlled whether calls were made." (Opp. at 10.) The inference does not follow, and no case the Opposition cites draws it. The capacity to stop a company's calls is an incident of every senior officer's authority; if it sufficed, the "direct, personal participation" requirement would be read out of the case law, and every owner would be personally liable upon receiving a complaint. What the standard requires is participation in or authorization of the *violative calls themselves* — selecting targets, approving the prerecorded script, directing the campaign. The FAC alleges none of that except by label, and a remedial response to law-enforcement pressure shows the opposite of authorizing unlawful conduct.

### C. The Attribution and Agency Allegations Remain Deficient, and Rule 8(d) Does Not Excuse Them.

Rule 8(d) permits alternative theories; it does not relieve Plaintiff of pleading facts making *each* alternative plausible. *Dobkin v. Enterprise Financial Group, Inc.*, No. 2:14-cv-01989, 2014 WL 4354070 (D.N.J. Sept. 3, 2014) (supervisory involvement insufficient for direct liability; agency facts required for vicarious liability); *Doyle v. GoHealth, LLC*, No. 22-cv-04291, 2023 WL 3984951 (D.N.J. Mar. 30, 2023). The call-back identification on which the Opposition leans (Opp. at 11–12) reaches, at most, Better Rise Capital — and every case Plaintiff cites on that score involved attribution to the *single entity identified* on or after the calls: *Atkinson* (agent supplied the

[3]The Opposition cites "*Schumacher v. Betta*, No. 22-6167 (MAS) (TJB), 2025 WL 3063707 191396, at *9 (D.N.J. Sep. 30, 2021) (D.N.J. Nov. 3, 2025)." (Opp. at 10.) The correct citation is *Schumacher v. Betta*, No. 22-6167 (MAS) (TJB), 2025 WL 3063707 (D.N.J. Nov. 3, 2025).

defendant's website), *Dudley* (defendant's representative appeared at plaintiff's home), *Pepper*, *Klassen*, and *Jubb* (callers identified the defendant during the calls or call-backs). None imputes the identified caller's conduct to a parent or officer nowhere mentioned in any call. As to the agency theories, the FAC still alleges no contract, no communications, no control, no seller manifestation on which Plaintiff relied, and no knowing acceptance of benefits — the elements this District requires under each DISH Network prong. *Doyle*, 679 F. Supp. 3d at 46–47; *Landy v. Natural Power Sources, LLC*, No. 3:21-cv-00425, 2021 WL 3634162, at *4 (D.N.J. Aug. 17, 2021). And the Opposition's silence on *Perrong* and *McLaughlin* leaves unrebutted that the FCC's vicarious-liability gloss on § 227(b) is owed no deference. (ECF No. 21 at 17–18.)

## IV. PLAINTIFF LACKS ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF.

On standing, the Opposition proves Defendants' point. It argues that "the extraordinary volume of calls and the fact law enforcement was required to make the calls stop" support an injunction. (Opp. at 14.) But volume is past injury, and "the calls stop[ped]" is the dispositive admission: the FAC alleges the calls to Plaintiff and her husband ceased in early 2026 after complaints to authorities, and that Mr. Nia "saw to it" they stopped. (FAC ¶¶ 35–36, 55–58.) A plaintiff seeking prospective relief must show a real and immediate likelihood of *future* injury. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213 (3d Cir. 2012); *Reading v. N. Hanover Twp.*, 124 F.4th 189 (3d Cir. 2024) (past unlawful conduct did not demonstrate a substantial likelihood of future injury). Where a TCPA complaint contains no forward-looking allegations — no recent calls, no continuing interactions, no reason to expect resumption — the injunctive demand must be dismissed. *Bradshaw v. CHW Grp., Inc.*, 763 F. Supp. 3d 641, 645 (D.N.J. 2025); *Doyle*, 679 F. Supp. 3d at 44. *Atkinson* is the opposite fact pattern: the calls there were "recurrent and relatively recent" and *continued* after removal requests.

2023 WL 166168, at *7. Plaintiff pleads a campaign that ended six months before her Opposition was filed. She lacks standing to enjoin conduct she alleges has already been stopped.

**CONCLUSION**

For the foregoing reasons and those stated in Defendants' moving papers, the Court should dismiss all claims against Better Companies LLC and Matt Nia under Rule 12(b)(2); dismiss or strike the demand for prospective injunctive relief under Rule 12(b)(1); dismiss the First Amended Complaint in its entirety under Rule 12(b)(6); and deny Plaintiff's request for jurisdictional discovery.

Dated: August 31, 2026

Respectfully submitted,

SQUITIERI & FEARON LLP

By: */s/ Olimpio L. Squitieri*
Olimpio L. Squitieri, Esq.
2600 Kennedy Boulevard
Jersey City, New Jersey 07306
(P) 201-200-0900
(F) 201-200-9008
lee@sfclasslaw.com

*Local Counsel for Defendants*

ISKANDER LAW, APC

/s/ Mario Iskander
Mario Iskander, Esq. (pro hac vice)
1111 N. Brand Blvd., Suite 308
Glendale, California 91202
(P) (240) 439-1970
mario@iskanderlaw.com

*Lead Counsel for Defendants*

**CERTIFICATION OF COMPLIANCE (L. Civ. R. 7.2(b))**

The undersigned certifies that this reply brief complies with the 15-page limitation applicable to reply briefs under L. Civ. R. 7.2(b).